# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MICHAEL ANGELO TAYLOR,

　　　　　Plaintiff,

v.

CHANG-HOON AHN.,

　　　　　Defendant.

2:12-cv-02014-GMN-VCF

**ORDER AND
REPORT & RECOMMENDATION**

Application to Proceed *In Forma Pauperis* (#1)

　　　Before the court are *pro se* plaintiff Michael Angelo Taylor's Motion/Application To Proceed *In Forma Puaperis* (#1) and complaint (#1-1). The court held a hearing on January 9, 2013. (#3).

**Motion/Application (#1)**

　　　Plaintiff Taylor states in his application that he is employed at Buffalo Bills Hotel & Casino and has take-home wages of $578.25 every two weeks. (#1). Plaintiff has no other income and asserts that he has $65.00 in cash. *Id.* Plaintiff's monthly expenses include $120 for tickets to the employee bus, $80.00 for city bus fare, $55.00 for his cell phone bill, $450.00 for rent (with a rent increase next month to $605.00), and $80 to the IRS. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.　Screening the Complaint**

　　　Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured

### A. Plaintiff's Complaint

Plaintiff's complaint is very brief and is titled "Misdiagnosis (Malpractice)." (#4)[1]. Plaintiff states that he is "requesting that the court will rule in [his] favor on the grounds that by the negligence of misdiagnosis by the judgment of Dr. Chang-Hoon Ahn [he] has suffered the loss of hearing in [his] left ear," in addition to other damages. *Id.* Plaintiff requests the "maximum ruling concerning medical malpractice." *Id.* Plaintiff does not provide the court with the amount of damages sought. *Id.*

### B. Jurisdiction

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Here, plaintiff has not satisfied either requirement: (1) he has not asserted the citizenship of the parties (plaintiff's address on the docket is in Las Vegas, NV, and the civil cover sheet indicates that Dr. Chang-Hoon Ahn is a resident of Clark County), and (2) plaintiff has not stated that the amount in controversy exceeds $75,000. (#4). This court does not have

---

[1] After the court's hearing on January 9, 2013, the clerk filed plaintiff's complaint (#1-1) on the docket. (#4).

jurisdiction under § 1332.

### 2. Federal Question

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff alleges malpractice in the form of misdiagnosis. (#4). Malpractice is a state claim: "Medical malpractice" means the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." N.R.S. 41A.009. This court does not have jurisdiction under § 1331. As the court does not have jurisdiction over plaintiff's claims and plaintiff is unable to cure the deficiencies, the court should dismiss the complaint (#4) *with prejudice*.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that *pro se* plaintiff Michael Angelo Taylor's Motion/Application To Proceed *In Forma Puaperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the plaintiff's complaint (#4) be dismissed *with prejudice.*

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of January, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**